David DAVILA–MARRERO,
Plaintiff–Appellant,

v.

Kenneth S. APFEL, Commissioner
of Social Security, Defendant–
Appellee.

No. 00–6117.

United States Court of Appeals,
Second Circuit.

Feb. 15, 2001.

Lisa Bowman, for David Davila–Marrero, New York, NY, pro se.

Lorraine S. Novinski, Assistant United States Attorney, New York, NY, for appellee.

Present PARKER, SACK, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of the said District Court be and it hereby is AFFIRMED.

David Davila–Marrero, *pro se* and *in forma pauperis,* appeals from the judgment of the United States District Court for the Southern District of New York (Stein, J.) entered on March 22, 2000, granting defendant's motion for judgment on the pleadings and affirming the Social Security Administration's denial of Supplemental Security Income ("SSI") benefits.

■ "In reviewing district court decisions in disability cases, we undertake our own plenary review of the administrative record to determine whether substantial evidence supports the [Commissioner's] denial of benefits." *Havas v. Bowen,* 804 F.2d 783, 785 (2d Cir.1986); *see also* 42 U.S.C. § 405(g). Reversal of the Commissioner's decision is warranted only if it is not supported by substantial evidence. *See* 42 U.S.C. § 405(g); *see also Diaz v.. Shalala,* 59 F.3d 307, 312 (2d Cir.1995). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted).

■ Although we will not accept an "unreasoned rejection of all the medical evidence in a claimant's favor," we will not require the Commissioner to "reconcile explicitly every conflicting shred of medical testimony." *Fiorello v. Heckler,* 725 F.2d 174, 176 (2d Cir.1983). When "there is substantial evidence to support either position, the determination is one to be made by the fact-finder," *Alston v. Sullivan,* 904 F.2d 122, 126 (2d Cir.1990), and we will regard this determination as conclusive. *Id.*

■ After a review of the record, we are satisfied that the Commissioner's assessment that Davila–Marrero's impairment is not sufficiently disabling to warrant an award of SSI benefits was based on substantial evidence. Although the administrative law judge reviewing Davila–Marrero's case found that he could not resume his past work as a physical therapy aide, he also found that Davila–Marrero could perform other work functions. This finding is supported by substantial evidence in the record. Thus, we will not disturb the Commissioner's conclusion that Davila–Marrero does not, based on the current record, qualify to receive SSI benefits.

We emphasize, however, that, as the government agreed during oral argument, Mr. Davila–Marrero is free to submit a new application for SSI benefits to the Social Security Administration.

For the reasons set forth above, the judgment of the district court is AFFIRMED.